# Gunter v. DuBose.

*Attachment by Landlord, for Advances to Tenant.*

1. *Sufficiency of affidavit.*—An affidavit for an attachment, sued out by a landlord against his tenant, for advances to make a crop (Code, §§ 3467, 3469, 3472-3), is to be liberally construed, and is sufficient if it sets forth with substantial accuracy the general jurisdictional facts, either expressly, or by necessary implication; nor is it necessary to negative conclusions or inferences to the contrary.

2. *Same.*—When an attachment is sued out on 30th December, claiming an indebtedness for advances made to enable the defendant to make a crop on lands rented from the plaintiff, but not stating for what year, the necessary and reasonable implication is, that the advances were made during the year just expiring; and if in fact any part was made during the preceding year, a balance remaining unpaid at the end of the year, such balance becomes a part of the advances for the next year, while the tenancy continues, and may be recovered under such affidavit; but it is the better practice to state the particular facts as they are.

APPEAL from the City Court of Montgomery.

Tried before the Hon. THOS. M. ARRINGTON.

This action was brought by W. A. Gunter, against John W. DuBose, and was commenced by attachment, sued out on the 30th December, 1882. The affidavit for the attachment was made by the plaintiff himself, and stated, "that John W. DuBose is justly indebted to him, the said W. A. Gunter, in the sum of twelve hundred dollars, after allowing all just off-sets and discounts, for advances made by affiant to said DuBose, who was, at the time of making said advances, a tenant of land owned by said W. A. Gunter; that said advances were for moneys advanced by affiant to said DuBose, for the sustenance

VOL. LXXVII.

or well-being of said DuBose or his family, and for preparing the ground rented by said DuBose from affiant for cultivation, and for cultivating, sowing, handling and preparing the crop for market; and also for four mules advanced by affiant to said DuBose, to enable him to make a crop on said rented premises, which said mules were of the value of five hundred dollars; and at the time of obtaining all of said advances, the said Du-Bose was in the possession, as tenant of affiant, of that certain plantation in Montgomery county known as the 'Dr. Lucas plantation,' which was the property of said affiant, and which said DuBose was then, still is, and has all the time been holding, as the tenant of affiant; and that said DuBose has removed a part of the crop from said rented premises, without paying the amount due for said advances, and without the consent of his said landlord; and that this attachment is not sued out for the purpose of vexing or harassing the said defendant, or other improper motive."

The defendant pleaded in abatement of the attachment, on account of alleged defects in the affidavit, specifying the following as defects: 1st, because it fails to show that plaintiff's demand "is for advances made by plaintiff to defendant for the year 1882, or is for a balance due for advances so made for the previous year, to-wit, the year 1881;" 2d, it fails to show that plaintiff's demand "is within the terms of either section 3467 or 3469 of the Code of Alabama;" 3d, it fails to show "that plaintiff's demand arose after the statutes providing for landlord's liens for advances and rent were enacted;" 4th, it fails to show "that plaintiff's demand is not barred by the statute of limitations;" 5th, it fails to show "when plaintiff's alleged demand arose." A demurrer to this plea was interposed by the plaintiff, but was overruled by the court; and he then asked leave to amend the affidavit, by inserting an averment that the advances were made during the years 1880, 1881, and 1882; "which amendment the court refused to allow," as the bill of exceptions states, "and the *defendant* (?) excepted." Issue was then joined on the plea in abatement. On the trial, as the bill of exceptions shows, the plaintiff offered evidence showing that he had rented the said Lucas plantation to said defendant for each of the years 1881 and 1882, and made advances to enable said defendant to make a crop on said lands; and that a large balance remained due from the defendant, for and on account of the advances made during the year 1881. The court excluded this evidence, on motion of the defendant, and instructed the jury that they must find for the defendant; to which rulings and charge the plaintiff duly excepted.

The overruling of the demurrer to the plea in abatement, the refusal to allow an amendment of the affidavit as proposed,

[Gunter v. DuBose.]

the exclusion of the evidence offered, and the charge to the jury, are now assigned as error.

R. M. WILLIAMSON, and L. A. SHAVER, for the appellant, cited *Cockburn v. Watkins*, 76 Ala. 486; *Fitzsimmons v. Howard*, 69 Ala. 592; Code, § 3315; Stephen's Peading, 380.

BRAGG & THORINGTON, *contra*, cited *Evans v. English*, 61 Ala. 416; *Flexner & Lichstein v. Dickerson*, 65 Ala. 129; *DeBardelaben v. Crosby*, 53 Ala. 363.

CLOPTON, J.—The statute secures to the landlord a lien on the crop grown on rented land for rent for the current year, and for advances made in money or other thing of value, for the sustenance or well-being of the family, for preparing the ground for cultivation, or for cultivating, gathering, saving, handling, or preparing the crop for market; and also a lien on the articles advanced, and purchased with money advanced, or obtained by barter in exchange for any articles advanced, for the aggregate price or value of such articles or property.—Code, § 3467. The statute also gives the landlord process of attachment for the recovery of the sum due, when either one of the four grounds for attachment, specifically mentioned, exists; and provides, as preliminary and requisite to the issue of process of attachment, that affidavit be made of the existence of one of these grounds, and of the amount that is or will be due for rent and advances, or either rent or advances.—Code, §§ 3472, 3473.

The action was instituted by attachment, sued out by the plaintiff to recover an amount claimed to be due him as landlord, for advances made to the defendant as his tenant. There was a plea in abatement to the attachment, setting forth alleged defects in the affidavit, on which the process issued; to which plea the plaintiff demurred, and the demurrer was overruled. The defects in the affidavit, relied on in the argument of counsel, are, that the affidavit fails to state that the advances were made for the current year, or that the amount claimed is a balance due for advances for a previous year; and fails to show that plaintiff's demand arose after the statutes creating the lien were enacted.

In *Cockburn v. Watkins*, 76 Ala. 486, STONE, C. J., says: "The statute is conformed to, when the affidavit shows the relation of landlord and tenant existed; that advances for the purposes specified were made; that a balance, naming it, remains unpaid; and setting forth one of the statutory grounds for attachment in such cases. Of course, if there is a balance which laps over from year to year, in a case of continuing ten-

ancy, it would be better to state it, as was done in this case."
In *Fitzsimmons v. Howard,* 69 Ala. 590, after stating sub-
stantially the same jurisdictional averments, which the affidavit
must contain, it is said : "All the ingredients of the affidavit,
except those above mentioned, are matters of form, and are
amendable."

By section 3315 of Code, it is made our duty to liberally
construe the attachment law, so as to advance its manifest in-
tent. We can not add, by construction, to the statutory re-
quisites, nor require greater certainty than is required by the
statute. An affidavit is sufficient, which sets forth the general
jurisdictional facts, either by express averments, or by neces-
sary implication, If they are set forth with substantial accu-
racy, the affidavit need not negative conclusions, or inferences
to the contrary. A substantial compliance with the terms of
the statute is sufficient.

The affidavit sets forth, that the plaintiff is the landlord,
and that the defendant is the tenant of the land mentioned,
therein necessarily implying the relation of landlord and tenant
as to the particular land ; that the defendant is justly indebted
to plaintiff in a specified amount, for advances of money for the
specified statutory purposes, to enable him to make a crop on
the rented premises; that the defendant was, at the time the
advances were made, still is, and has all the time been, in pos-
session of the rented premises as the tenant of plaintiff; and
also the existence of one of the grounds for attachment in such
cases. The affidavit might have been drawn with more accu-
racy, and greater certainty and definiteness; but, construing it
liberally, and giving the averments their legal force and effect,
the necessary and reasonable implication is, that the advances
were made for the year 1882, the affidavit having been made
December 30, 1882. It is a substantial compliance with the
statute.

The proposed amendment was unnecessary. Section 3469
of Code provides: "Whenever the tenant fails to discharge
his indebtedness for rent and advances, and continues his ten-
ancy under the same landlord, the balance so due for rent and
advances shall be held as so much advanced by the landlord to-
wards making the crop of the succeeding year, for which a
lien shall attach upon the crop, and continue upon the articles
advanced." The effect of the statute is to make the balance
due for advances of the preceding year a new advance, the
same as an advance of money, or other thing of value, towards
making the crop of the succeeding year. While it is the better
practice to state the facts respecting the advances of the pre-
ceding year, and that a balance is undischarged and due, which
laps over, an affidavit containing the jurisdictional averments,

[Ex parte Jones.]

and including such balance in the aggregate amount specified as due for advances made towards making the crop of the succeeding year, is sufficient to cover and embrace such balance.

Whether the relation of landlord and tenant existed, or whether the articles advanced were within the general and specified terms of the statute, or whether the advances were made for the current year, are facts which may be put in issue in the attachment suit, and properly arise on the evidence.

Reversed and remanded.