# Reese *v.* Rugely.

### *Attachment by Landlord against Tenant's Crop.*

1. *Sufficiency of affidavit; in averment of tenancy.*—An affidavit for an attachment, made on the 7th December, 1885, which states that plaintiff "rented land to J. R. [defendant] during the year 1884 and the current year, 1885, and advanced to him two hundred bushels of corn for the sustenance and well-being of himself and his family," &c. (Code, §§ 3467-8), shows with sufficient certainty that the advances were made during the continuance of the tenancy.

2. *Same; averment of demand and refusal to pay.*—An averment in such affidavit that the plaintiff's claim for advances "is due and unpaid, and that, after demand made by him, the said J. R. [defendant] refuses or fails to pay it," is sufficient.

APPEAL from the Circuit Court of Lowndes.

Tried before the Hon. JOHN MOORE.

This action was brought by G. M. Reese against Jim Rugely, and was commenced by attachment sued out on the 7th December, 1885. The affidavit for the attachment was made by the plaintiff himself, and stated "that he rented

land to one Jim Rugely during the year 1884 and the current year, 1885, and advanced to said Rugely, for the sustenance and well-being of himself and his family, and for the purpose of preparing the land for cultivation, or for cultivating, gathering, sowing, handling or preparing the crop for market, two hundred bushels of corn, which was of the value, to-wit, of $125; that said two hundred bushels of corn, or the value of the same, is due and unpaid; and that, after demand made by affiant, the said Jim Rugely refuses or fails to pay it. "The defendant craved oyer of the affidavit, and pleaded in abatement on account of alleged defects therein—1st, "because said affidavit does not aver that plaintiff made the alleged advances while the relation of landlord and tenant subsisted between him and this defendant, or while the tenancy therein set forth continued;" 2d, "because said affidavit fails to show that a demand was made of this defendant, for the payment of said alleged advances, after the maturity of the said alleged debt." The court sustained the plea in abatement, refused to allow an amendment of the affidavit, and rendered judgment quashing the attachment. The plaintiff excepted to this ruling and judgment, and he here assigns the same as error.

CLEMENTS & BREWER, and J. C. RICHARDSON, for the appellant, cited *Gunter v. Dubose*, 77 Ala. 326 ; *Thompson v. Powell*, 77 Ala. 391.

W. R. HOUGHTON, and WATTS & SON, *contra*, cited *Bell v. Allen*, 76 Ala. 450 ; *Fitzsimmons v. Howard*, 69 Ala. 590.

CLOPTON, J.—The defects in the affidavit, as averred in the plea in abatement, are, that it fails to show that the advances were made during the existence or continuance of the tenancy, and that the demand was made after the maturity of the debt. The statute declares, that whenever a tenant fails to discharge his indebtedness for advances, and continues his tenancy under the same landlord, the balance due shall be held as an advance towards making the crop of the succeeding year, for which a lien shall attach upon the crop.—Code, 1876, § 3469. To constitute the balance due a new advance, it is not requisite that tenancy of the same land shall continue. The essential fact is the continuance and identity of the *relation*, and not the identity of the land.—*Thompson v. Powell*, 77 Ala. 391. Though the better practice, it is not necessary, in case of a continued tenancy, that the affidavit should state specifically that the advances were made during the preceding year, if such be

[Stewart v. McMurray.]

the fact, and that the tenant failed to discharge his indebtedness for such advances. The effect of the statute is to make the balance unpaid an advance for the following year; and it may be stated in the affidavit generally as due for advances towards making the crop of such year.— *Gunter v. DuBose*, 77 Ala. 326. The jurisdictional facts may be shown by express averments, or by necessary implication. While the affidavit might have been drawn with more definiteness, giving it the benefit of a liberal construction, as the statute requires, it sufficiently shows that the relation of landlord and tenant existed, and that the advances were made for the statutory purposes during the continuance of the relation.— *Gunter v. Du Bose, supra.*

The affidavit sets forth, as the ground of attachment, that the amount of the advance "is due and unpaid, and that, after demand make by affiant, the said Jim Rugely refuses or fails to pay it." In *Fitzsimmons v. Howard*, 69 Ala. 450, the affidavit was held defective, because it failed to aver a demand after the maturity of the debt. The maturity of the claim was averred in the affidavit in the present tense, while the past tense is used in stating the refusal or failure to pay after demand. The averment of the demand was in the form of recital, from which it could not be implied that it was made after the debt became due. The affidavit might be true, and the demand made when it was not the duty of the tenant to pay. But the affidavit in question uses the words of the statute, with an immaterial transposition. We are not authorized to exact greater certainty, or more special averments, than the statute prescribes. Conclusions or inferences need not be negatived. An affidavit, setting forth the ground of attachment substantially in the words of the statute, is sufficient.— *Gunter v. Du Bose, supra.*

Reversed and remanded.