# Southern Express Company *v.* Boullemet & Perkins.

*Action to Recover Overcharges for Freight.*

|100 | 275|
|f124| 358|
|124 | 359|

|100 | 275|
|135 | 318|

1. *Appeal from justice's court; practice.*—When a cause is removed from a justice's court, by appeal or *certiorari,* into the Circuit Court, or City Court having jurisdiction, it is triable *de novo* without regard to any defects in the proceedings; and a trial may be had in the appellate court either on the original complaint, which may be amended, or on a new complaint which may be filed.

2. *Amendment by striking out or adding new parties.*—The only limitation upon the right of amendment of complaints in respect of striking out and adding new parties is that an entire change of parties can not be wrought thereby; even a change of the capacity in which the plaintiff sues is not forbidden.

3. *Same on appeal from justice's court.*—When an action has been tried in a justice's court on a written statement, without a formal complaint, and appealed and tried *de novo.* plaintiff, pending the latter trial, may amend by joining another as co-plaintiff, on a showing that he and such other are partners in the property in controversy.

4. *Principal and agent.*—Plaintiffs desiring to trade certain goods for others owned by persons at a distance, plaintiffs to pay charges on both shipments, asked the freight clerk of defendant express company what the charges would be. The clerk informed them that the charges on the goods plaintiffs were to receive would be not more than a certain sum. This shipment was necessarily made over two lines of express. one of which had no connection or contract with defendant. The clerk had authority to give rates generally, but it was not his

duty to give rates on unconnecting lines, whose charges were unknown to him. In such case the clerk's general authority empowered him to bind the company to deliver the goods at a certain rate, even in the case of a mistake on his part, which inflicted loss on the company.

APPEAL from the City Court of Mobile.

Tried before Hon. O. J. SEMMES.

This suit was originally brought in a justice's court by A. Boullemet against the Southern Express Company, and was to recover $10.70 as overcharges on expressage.

Upon the summons issued by the justice of the peace there was indorsed the following statement: "Cause of action. $10.70 for an excess of freight charges." The cause was tried in the City Court without filing any complaint, and pending the trial in the City Court "the plaintiff moved to be allowed to amend by making F. T. Perkins one of the plaintiffs to said cause, it being shown to the court that the said A. Boullemet and F. T. Perkins were co-partners in the matters the subject of this suit." This motion was granted, and the defendant excepted. Upon the submission of the cause to the court without the intervention of a jury, the court found the facts to be as follows, and rendered the judgment hereinafter shown. "The plaintiffs, as partners, were about to make a trade of three birds for fourteen chickens. The birds were to be sent to Binghamton, New York, and the chickens from that place to Mobile. The plaintiffs were to pay freight or expressage both ways. The plaintiffs went to the freight clerk of the Southern Express Company at its office in Mobile, and stated to him that they desired to ship to Binghamton, New York, three live birds, in a cage, and that a person in Binghamton, New York, was to take them, making payment in chickens; and, as plaintiffs were to pay expenses on the birds and chickens, it was necessary to ascertain what the expense would be before the trade could be consummated. The agent replied that the charges on the birds would be between one and two dollars, and asked the number of chickens to be returned and the weight. Plaintiff replied, 'fourteen,' and the weight of each 'eight and ten pounds.' The clerk then replied: 'Between three and four dollars; not to exceed four dollars.' The clerk testified that he understood the answer to be four chickens, not fourteen. The court finds that the shipment had to be made over two lines of express, one of which had no connection or arrangement with the defendant for shipment of freight. The birds were shipped, and the freight prepaid, which was one dollar. On the arrival of the birds at Bing-

[Southern Express Co. v. Boullemet & Perkins.]

hamton the chickens were expressed out of Binghamton by an express company different from that of defendant, and whose rates were not known to the defendant, and having no connection or agreement of rates with the defendant; and, after passing over said line, the chickens came over still another line before reaching the defendant's line, over which they came to Mobile. That the defendant charged for and collected the freight over all the lines, and ($14.70) fourteen and 70-100 dollars was charged as expressage on said chickens from Binghamton, New York, instead of between three and four dollars. Plaintiffs demanded the chickens, tendering four dollars. Defendant refused to deliver them until the ($14.70) fourteen and 70-100 dollars was paid, which was done under protest; and suit was brought before a justice of the peace for the difference, to-wit, ten and 70-100 dollars, ($10.70,) the two plaintiffs and another witness testifying to the conversation on the side of the plaintiffs, and one witness, the said clerk, on the side of the defendant. The court finds that not more than four dollars was to be charged upon fourteen chickens. The court finds as fact that the freight clerk had authority to give rates generally, but that it was not his duty to give rates on lines with which the defendant had no connection, and that as a fact he could not do so, not having exactly the rates over such lines. That the clerk said nothing on this subject to the plaintiffs. The court holds that, as the clerk was acting within the general scope of his authority, and the plaintiff made the contract and shipments relying upon the statements made by the clerk, the defendant is liable, and judgment is rendered for the plaintiff in the sum of ten and 70-100 ($10.70) dollars." To the rendering of this judgment the defendant duly excepted.

CLARK & CLARK, for the appellant.

McCLELLAN, J.—When a cause is removed from a justice's court into the Circuit Court, or City Court having the jurisdiction in such cases of Circuit Courts, by appeal or *certiorari*, it is triable *de novo*, without regard to any defects in the proceedings; and a trial may be had in the appellate court either on the original complaint, which may be amended, or a new complaint which may be filed.—*Littleton v. Clayton*, 77 Ala. 571.

In this case the complaint in the justice's court consisted of a mere statement of the cause of action on the summons. This was treated by both parties in the City Court as the complaint in the case in that court, no new complaint being

filed. For all purposes this mere statement was the complaint and as such subject to amendment at least to the extent that any formal declaration originally filed in that court would have been.

The only limitation upon the right of amendment of complaints in respect to striking out and adding parties is that an entire change of parties can not be wrought thereby. Even a change of the capacity in which the plaintiff sues is not forbidden though formerly it was held otherwise.—*Lucas v. Pittman*, 94 Ala. 616; and if it could be said that the amendment made here by which the action was converted from the individual suit of Boullemet to the partnership suit of Boullemet & Perkins was a change of the capacity in which the original plaintiff sued, it would still be unobjectionable.—*McCaskey & Ratcliff v. Pollock & Co.*, 82 Ala. 174. The trial court therefore did not err in allowing the amendment complained of.

We may concede, as did the judge of the City Court, that defendant's agent had no authority to bind carriers between Binghamton N. Y., and Mobile, Ala., other than the Southern Express Co. in the matter of rates to be charged between those points, there being no joint traffic or tariff agreement between the several companies. But he did have authority, or at least it was within the scope of his agency, and hence the equivalent of authorization, to give the rates at which property shipped from Binghamton and reaching Mobile over the Express Company's line of carriage would be delivered to consignees at the latter point, and to bind his company to deliver at such rates. If in making rates and thereby inducing shipments, he commits an error it is a matter between him and his principal. If he contracts to deliver a consignment upon payment of an amount which only equals or is less than the charges of the connecting lines, his company and not the consignee is responsible, and as between it and the consignee, the company must bear the loss.

We concur in the City Court's finding of facts, and in its application to them of the law; and its judgment is therefore
Affirmed.