# Blankenship v. Blackwell.

## *Action of Attachment for Rent.*

1. *Abatement; must be by special plea.*—In a suit by attachment matter in abatement of the attachment requires a special plea; it cannot be reached by motion.

2. *Same; plea in; when too late.*—A plea in abatement comes too late when it is filed for the first time in the circuit court in a suit in such court on appeal from a judgment rendered in a justice of the peace court.

3. *Amendment in attachment; what is allowable by way of.*—Under the liberal statutes of amendment of force in this State, the plaintiff to an action to enforce a lien for rent may amend his complaint by·adding new parties plaintiff, and by adding that "said rent is due plaintiffs as assignees of the reversion," the original complaint only claiming the amount sued for, by account for rent of land, since the amendment neither wrought an entire change of parties, nor did it result in a complete change of the subject matter or cause of action.

4. *General issue; what evidence admissible under.*—Where the general issue is pleaded the onus is cast on the plaintiff of proving every, material allegation of the complaint. No evidence is properly admissible in behalf of the plaintiff which does not tend to support the averments of the complaint, and the defense is limited to evidence in disproof of such averments.

5. *Estoppel; tenant estopped to dispute title of his landlord.*—Where the allegations of the complaint, in an action to recover rents, are the rental contract, and its assignment to plaintiffs, proof of title is not required for the lease being established—the relation of landlord having been proved—the tenant is estopped from disputing the title of his landlord, and upon failure on the part of the plaintiff to prove such lease he could not recover.

[Blankenship v. Blackwell.]

6. *Tenant; when can set up paramount title.*—But when the plaintiff in an action for rent fails to establish such a valid lease as the law requires to operate an estoppel against the alleged tenant, such tenant will, in certain cases, be allowed to set up a paramount title in himself or out of the lessor.

7. *Estoppel; when plea of not available.*—The acceptance of a lease by one already in possession works no estoppel in any case where such acceptance was induced by fraud, mistake, misrepresentation of the facts, duress or other improper means used by the lessor; in the absence of fraud, mistake, misrepresentation, duress or other improper means upon the part of the lessor, the acceptance of such a lease by one in possession works no estoppel after the term has expired.

APPEAL from Madison Circuit Court.

Tried before JOHN H. SHEFFEY, ESQ., Special Judge. The facts are fully stated in the opinion.

GRAYSON & FOSTER, for appellant.—The amendment of the complaint not allowable.—*Leatherwood v. Suggs,* 96 Ala. 383; *Wise v. Falkner,* 51 Ala. 359; 111 Ala. 257. (2). Attachment should have been dismissed on motion of defendant.—*Hawkins v. Gill,* 6 Ala. 620; *Debardeleben v. Crosby,* 53 Ala. 363. (3). Evidence of contract between Blankenship and Lee. It was to be put in writing which was not done.—*Hodges v. Sublett,* 91 Ala. 588. (4). Deeds from appellees to Lee and from Lee back to them were improperly admitted in evidence—they were void, and did not show assignment of the reversion.— *White v. Rankin,* 90 Ala. 541; *Cary v. State,* 76 Ala. 78; *Hinton v. Nelms,* 13 Ala. 222; *Yarbrough v. Avant,* 66 Ala. 526. (5). The contract between Gurley & Stewart was good color of title and admissible.—*Torrey v. Forbes,* 94 Ala. 135; *Standifer v. Swann,* 78 Ala. 88. (6). Defendant not estopped from showing title in Gurley.—*Cain v. Gimon,* 36 Ala. 168; *Adair v. Stone,* 81 Ala. 113; *Pheland v. Candee,* 105 Ala. 235; *Fuller v. Sweet,* 30 Mich. 237.

S. S. PLEASANTS, *contra.*—Tenant cannot dispute landlord's title or set up paramount title in himself.—3 Brick., p. 608.

DOWDELL, J.—This was an action of attachment for rent, originally sued out by R. T. Blackwell against Clarence Blankenship before a justice of the peace, who rendered judgment in favor of the plaintiff, and the defendant appealed to the circuit court. Said R. T. Blackwell filed a complaint in the circuit court in words as follows: "Plaintiff claims of the defendant $100 due by account for rent of land for the year 1895;" and later he amended said complaint by adding thereto as additional parties plaintiff Eliza Blackwell *et al.* and a further amendment was added, as follows: "And said rent is due plaintiffs as assignees of the reversion, and said reversion was conveyed to plaintiffs on October 28th, 1895, by deed, in words and figures as follows," setting out a deed from William B. Lee and Kitty Lee, his wife, to plaintiffs, to certain lands therein described. The case was tried in the circuit court *de novo* and without the intervention of a jury. The defendant filed the following motion: "Comes the defendant and moves the court to abate the attachment in this case because the writ of attachment is issued against the estate of Clarence Blankenship. And the defendant avers that the crop levied on by reason of this attachment writ was not raised on the lands for the use of which rent is here sued." The defendant also moved the court to strike from the file the amendments above set forth to the original complaint. Both motions were overruled, over the objection of the defendant, who duly excepted to such rulings. The only plea filed by the defendant, was, in legal effect, the general issue. A judgment was rendered in favor of the plaintiff, and the appellant, defendant in the court below, now assigns as error the overruling of the above mentioned motions and the rulings of the trial court on the evidence.

The contention of counsel for appellant that the attachment should have been *abated* on the *plea* filed, assumes that, the absence of which, rendered the ruling of the court correct, for this matter for a plea in abatement, or for a motion to vacate, quash or set aside, was presented by the defendant in the shape of a motion to "abate." In the very authority cited by counsel for appellant, supporting his contention, viz., *Ellis v. Martin,*

[Blankenship v. Blackwell.]

60 Ala. 394, the court, by Brickell, C. J., says: "If [the attachment] issued against the estate generally, it would be abated on plea, and a levy on other property than the crops grown on the rented premises would be set aside." Matter in abatement requires a special plea. Defects in the writ, or apparent on the face of the affidavit or bond, may be raised by motion to quash or vacate. As a plea in abatement it came too late. It was never filed until the case was brought into the circuit court by appeal from the judgment of the justice court.

Our statutes allowing amendments, and the decisions of this court construing the same, are very liberal. Section 3331 of the Code of 1896 provides that the court, whilst the cause is in progress, must "permit the amendment of the complaint by striking out or adding new parties plaintiff or by striking out or adding new parties defendant, upon such terms and conditions as the justice of the case may require." In the case of *So. Ex. Co. v. Boullemet & Perkins*, 100 Ala. 278, this court, speaking through McClellan, J., says: "The only limitation upon the right of amendment of complaints in respect to striking out and adding new parties is that an entire change of parties cannot be wrought thereby. Even a change of the capacity in which the plaintiff sues is not forbidden, though formerly it was held otherwise;" citing *Lucas v. Pittman*, 94 Ala. 616, where it was held that a plaintiff may amend his complaint so as to sue as an administrator instead of as an individual, or *vice versa*. Another limitation upon such amendments, well settled by the decisions, is that they will not be permitted when they result in a complete change of the subject matter, or cause of action, involved in the suit. It is clear that there can be no merit in the insistence that R. T. Blackwell could not be permitted to amend his complaint by adding new parties plaintiff; and the objection to his further amending, by changing the capacity in which the plaintiffs sued from individuals to assignees, must also fall. For these amendments did not result in a complete change of the parties plaintiff, the original plaintiff being retained and included in the amended complaint. The character and capacity of the plaintiffs were not changed by the amendment. The

addition of the words as assignees, etc., merely showed how they derived their right to the rent. Nor can the contention of appellant that these amendments wrought a complete change in the subject matter and cause of action, be sustained. The complaint as amended still shows the same cause of action declared on in the original complaint, i. e., a claim against Clarence Blankenship "for rent of land for the year 1895," the amendment, in so many words, claiming "said rent," as declared on in the original complaint. The case of *Leatherwood v. Suggs*, 96 Ala. 383, cited by appellant, which was an action for forcible entry and detainer, is not a case in point, for in that case the amendment, held by this court to have been properly disallowed by the city court, attempted to show a forcible entry and detainer of other and different lands than those involved in the original action in the justice court, where judgment was rendered in favor of the defendant. From this judgment the plaintiff appealed to the city court, where he attempted to introduce by way of amendment a new cause of action with an entire change of subject matter; this upon an appeal from the only court having original jurisdiction of the cause of action. In the case of *So. Ex. Co. v. Boullemet & Perkins, supra*, it was held that an amendment was properly allowed by which the action was converted from the individual suit of Boullemet upon a verbal contract, to the partnership suit of Boullemet & Perkins, which amendment changed the number of the parties plaintiff, as well as the parties to the contract as originally sued on in the justice court, but the subject matter and terms of contract remained the same.

The assignments of error, numbered three to fifteen inclusive, are directed to the rulings of the trial court upon the evidence; and preparatory to a consideration of such rulings, we will revert briefly to the issues involved in this action. The rule is well settled that where the general issue is pleaded, the onus is cast upon the plaintiff of proving every material allegation of the complaint. No evidence is properly admissible in behalf of plaintiff which does not tend to support the averments of the complaint, and the defense is limited to evi-

dence in disproof of such averments. The material allegations of the complaint in this case, briefly put, are (1) the rental contract between plaintiff's assignor, and (2) its assignment to plaintiffs. In such an action, proof of title is not required of the landlord or his assignees, for, the lease being established—the relation of landlord and tenant having been proved—the tenant is estopped from disputing the title of his landlord, and upon a failure on the part of the plaintiff to prove such lease, he could not recover. However, when the plaintiff fails to establish such a valid lease as the law requires to operate an estoppel against the alleged tenant, such tenant will, in certain cases, be allowed to set up a paramount title in himself, or out of the lessor. See Taylor Land. & Ten., §§ 705-7-8; *Bishop et al. v. Laloutee's Heirs,* 67 Ala. 201; *Farris & McCurdy v. Houston,* 74 Ala. 167.

Three deeds were offered in evidence by the plaintiff in making out his case under the complaint, which were admitted over the objection of the defendant. The two first admitted purported to be deeds from the plaintiffs to William Lee, conveying to him the lands for the use of which rent was claimed; and the third deed was the deed set out in the complaint, in which William B. Lee reconveyed the same land to the plaintiffs. The last named deed was admissible as evidence of the assignment of the reversion, carrying with it the rent, as alleged in the complaint. But we fail to see the relevancy of the two deeds from plaintiffs to William Lee, whose right of property was not averred by the complaint, nor put in issue by the plea of the general issue—the only plea filed by the defendant. In our opinion, the court erred in admitting these two deeds in evidence. For the same reason, there was error committed in allowing the plaintiff to testify that the land formerly belonged to one Geo. W. Jones; that said Jones went into possession of said land in 1858; that the plaintiffs were the heirs at law of said Jones, and that plaintiffs sold said lands to William Lee.

Several of the assignments of error are based upon the exclusion by the court of certain evidence offered by the defendant for the purpose of showing title in a third party paramount to that of his alleged lessor, and this

brings us to a consideration of the question as to what constitutes such an estoppel as will preclude the defendant in an action of this nature from attacking the title of plaintiff, or him under whom plaintiff claims. It will be noticed that while proof of title is not required of plaintiff in making out his case under the complaint, the defendant will, in some cases, be allowed, in support of his denial of the alleged lease or its validity, to dispute the title of the alleged lessor. It now becomes pertinent for us to inquire whether the defendant may be permitted to pursue this course in the case at bar.

The general principle of estoppel, as between landlord and tenant, "operates only to preclude the tenant from disputing the title of the landlord at the time when the lease was made and possession given." As was said by Brickell, C. J., in the case of *Farris & McCurdy v. Houston, supra*: "There are various exceptions to and qualifications of the rule which are of as much importance as the rule itself, and which must be observed in the administration of justice between landlord and tenant." In considering this question, it is well to notice first, that, "a distinction is made between cases where the party has received possession from the lessor, and where he has merely admitted his title by paying rent, attorning, or even by taking a lease. In the former case, he is estopped from denying the lessor's title in any event; but in the latter, the defendant may rebut the presumption arising from such payment by showing that he paid rent under a mistake, or through misrepresentation. Even an express agreement with one who claims to be landlord does not preclude the tenant from afterwards showing that the party claiming had no title; and that the payment, or other acknowledgment, was induced by misrepresentation, or under mistake, the tenant not having been originally let into possession by the claimant."—Taylor on Land. & Ten., § 707 (cited approvingly by this court in the case of *Farris & McCurdy v. Houston, supra*); Bigelow on Estoppel, p. 356; *Shelton v. Carroll et al.*, 16 Ala. 153. The principle, as stated above. is qualified in some respects by the conclusions reached in the case of *Camp v. Camp*, 13 Am. Dec. 60-61, where this question is exhaustively treated

and the conflicting decisions of the courts thereon reviewed. The doctrine as there stated, is that, in the case of a tenant already in possession, "acceptance induced by fraud, mistake, misapprehension of the facts as to the state of the title, or by duress or other improper means used by the lessor, works no estoppel." In this case, it is further held, that, in the absence of fraud, mistake, imposition or duress, the *bona fide* acceptance of a lease by one in possession works an estoppel to deny title in his lessor "at least until the term expires." In the light of these authorities, there can be no serious doubt of the correctness of the following propisitions: (1) the acceptance of a lease by one already in possession works no estoppel in any case where such acceptance was induced by fraud, mistake, misapprehension of the facts, duress, or other improper means used by the lessor; and that (2) in the absence of fraud, mistake, misapprehension, duress, or other improper means upon the part of the lessor, the acceptance of such a lease by one in possession works no estoppel after the term has expired. In addition to the authorities above quoted, this position is sustained in 12 Am. & Eng. Ency. Law, p. 704-5; 2 Greenleaf on Ev. § 305; 2 Smith Lead. Cas. 752.

We will here advert to the fact that the evidence introduced in behalf of plaintiffs fails to show that the defendant was put into possession by plaintiffs' assignor, William B. Lee, but the evidence of Lee himself—the only evidence offered by plaintiffs upon this point—creates a reasonable presumption that at the time of the alleged lease the defendant was the tenant in possession under a rental contract already made with a third party. The broad assertion made by said Lee on his direct examination that he rented the land to the defendant and put him in possession, is not warranted by the facts further testified to by him. These facts are, in substance, that he went into the possession of said land in February, 1895, under a purchase from the plaintiffs, and went to clearing a part of said land when he was warned off by one F. B. Gurley, who had him prosecuted for trespass after warning, and that he, Lee, did not again go on said land; that on Monday, after his trial and

acquittal on Saturday, he went to see the defendant at the latter's home; that he told defendant he owned the land and wanted to rent it to him, and the defendant said he had already rented the same from Capt. F. B. Gurley for that year, but that he would also like to rent it from Lee; that witness told him he would rent him the land for one-third of the corn raised, and wanted the defendant to execute his note for said rent; that defendant promised to come by witness' home on a certain day and execute the note, but failed to do so; that Lee went to see defendant and found him on the land plowing, and defendant refused to give him the note. It appears from Lee's testimony that after having been warned off the land by Gurley he did not again go on the same until after he had reconveyed the said land to plaintiffs, if his words are to be taken literally, ·viz., that after said warning, he "did not go on·said land afterwards," and again, "did not go on said land any more." If the testimony of Lee as contained in the record be correct, then his evidence shows that during the whole period involving the making of the lease alleged, he himself was not in possession of said land, having gone out of possession under a warning by Gurley and not having returned; and his testimony also creates the inference that defendant was already in possession as the tenant of said Gurley. If Lee's evidence can be taken as establishing defendant's acknowledgment of Lee as his landlord, it shows that Lee did not place the defendant in possession of said lands; and, therefore, under the principles above laid down, upon the trial in 1897 the defendant was not estopped from disputing the title of said Lee; or from showing that he attorned to said Lee, or acknowledged him as his landlord, through fraud, misrepresentation, mistake, or ignorance of the true state of the title. We hold, therefore, that the trial court erred in excluding the evidence of F. B. Gurley, offered by the defendant, to the effect that he had owned and occupied the land in question since 1869, at which time he went into possession under a "contract" with Baylor R. Stewart, and had been in continuous possession ever since; and that the court also erred in excluding the written contract referred to by said Gurley, which was in the nature of a

[Blankenship v. Blackwell.]

conveyance of said land by said Stewart to Gurley, dated Dec. 9, 1869, and was admissible as color of title under which said Gurley held adversely.

As to the contract of renting, the testimony of William Lee, the only witness for plaintiff, upon this point, has already been reviewed. The defendant, Blankenship, testified that he did not rent the lands in question from the plaintiffs or William Lee; that he told Lee when first approached by him that he had already rented the land from Capt. Gurley for that year, but that if the land really belonged to Lee he would rent it from him on the same terms; that Lee wanted a "stub writing" to show that defendant occupied the land as his tenant; and that defendant told Lee he would see Capt. Gurley, and if it was "agreeable to all parties" he would give him the writing; that Capt. Gurley told him not to give Lee the writing, but to continue to occupy the land as he had been doing, and that when Lee came for the writing he refused to give such writing to Lee and told him what Gurley had said. F. B. Gurley corroborated the evidence of Blankenship, and further testified that he had rented the land to Blankenship in the early part of the year 1895 for one-third of the corn, had put said defendant in possession of the land, and that the defendant had paid him the full rent as stipulated. This was substantially all the evidence upon this question disclosed by the record.

Upon the whole evidence we think the court below erred in rendering a judgment for the plaintiffs, and should have rendered judgment for the defendant. The judgment of the trial court must be reversed, and a judgment will be here rendered in favor of the defendant.

Reversed and rendered.