# Burgin v. Ivy Coal & Coke Co.

*Proceedings to revive Judgment.*

1. *Garnishment proceedings; finality of judgment.*—In a garnishment proceeding where the garnishee's answer admits an indebtedness and there is a judgment against him for the amount admitted to be due the defendant, without any order of continuance whatever, such judgment amounts to a final adjudication of the liability of the garnishee, and has the effect of terminating the suit and discharging the garnishee.

2. *Same; same; revivor of judgment.*—In a garnishment suit, where a final judgment on the garnishee's answer is rendered, without an order of continuance being made at the time, the court is without power to retain or subsequently reinstate its jurisdiction over the garnishee; but in order to compel a further answer and to give the court jurisdiction to render another judgment against such garnishee it is necessary to issue new process of garnishment against him.

3. *Same; same; same.*—In a proceeding to revive a judgment against a garnishee, where it is shown that not until after the lapse of several days from the rendition of a judgment on the garnishee's answer, an order of continuance was made, and subsequently upon the failure of the garnishee to further answer, a judgment *nisi* was rendered, which was, upon the day named therein made final, and it was further shown that there was no service of process made upon the garnishee or appearance by him prior to the rendition of such final judgment sought to be revived, the judgment *nisi* and the pursuant judgment thereon are void; and, therefore, the plaintiff is not entitled to a revivor, since there can be no revivor of a nullity.

42

4. *Same; revivor of judgment; appeal from justice's judgment does not admit jurisdiction.*—In a proceeding commenced before a justice of the peace to revive a judgment rendered by him against a garnishee, an appeal by such garnishee from a judgment of revivor rendered by the justice, is not an admission of the jurisdiction of the justice's court to render the judgment against the garnishee sought to be revived. An application to revive must begin in the court in which the judgment sought to be revived was rendered; and, therefore, in such a case the circuit court can acquire jurisdiction of the application only by appeal.

5. *Same; same; jurisdiction of circuit court on appeal.*—In a proceeding to revive a judgment rendered against a garnishee in a justice of the peace court, where it is shown that there were two judgments against the garnishee and that it was the later one which was sought to be revived, on an appeal to the circuit court from the judgment reviving said last judgment, said court acquired no jurisdiction to revive the first judgment.

6. *Pleading and practice; sufficiency of judgment upon demurrer.* The recital in a judgment entry that demurrers to pleadings are overruled or sustained, as the case may be, without words of adjudgment by the court, are insufficient as a judgment upon such pleadings, and will not be reviewed on appeal.

APPEAL from the Circuit Court of Jefferson.

Tried before the Hon. A. A. COLEMAN.

This was a proceeding instituted by the appellant, J. G. Burgin, in a court of a justice of the peace of Jefferson county, to revive a judgment against the appellee, the Ivy Coal & Coke Company, which was alleged to have been rendered against it as garnishee on April 21, 1896, pursuant to a judgment *nisi* previously taken in default of answer by said garnishee. The garnishment was sued out by Burgin upon a judgment rendered in his favor against one S. W. Elliott. Upon the hearing before the justice of the peace, there was judgment rendered reviving said alleged judgment against the garnishee, and from this judgment of revivor the Ivy Coal & Coke Company appealed to the

[Burgin v. Ivy Coal & Coke Co.]

circuit court. In the circuit court the plaintiff filed a
declaration setting forth his claim to have the alleged
judgment revived, in which he averred that on Febru-
ary 26, 1896, he obtained a judgment of condemnation
of $8.15 against the Ivy Coal & Coke Company upon
the answer of said company upon said writ of garnish-
ment served upon it, and that after the continuance of
said cause the court did, on March 23, 1896, render a
judgment *nisi* against the Ivy Coal & Coke Company
for $19.37, and issued notice to said company to show
cause why said judgment for $19.37 should not be
made final on April 21, 1896. That on April 21, 1896,
the said conditional judgment for $19.37 against the
Ivy Coal & Coke Company was made final, but that no
executions were issued on said judgment for $19.37
within six months as required by law; and said judg-
ment has never been satisfied. It was also averred
that no execution was issued within six months
from the date of the judgment for $8.15, al-
leged to have been rendered on February 26,
1896. To this declaration filed in the circuit court,
the garnishee interposed several demurrers which
were sustained, but it is unnecessary to set out these
demurrers, for the judgment thereon was not sufficient
to authorize their being reviewed on the present appeal.

On the trial of the cause in the circuit court, in ad-
dition to the facts above stated, the following facts
were shown by the transcript of the docket kept by
the justice who rendered the judgment and which tran-
cript was introduced in evidence: On January 10,
1896, a writ of garnishment was issued against
the Ivy Coal & Coke Company, which was exe-
cuted by the deputy constable. On January 21,
1896, the garnishee answered admitting the in-
debtedness to the defendant of $8.15, and on
said date judgment was rendered against the gar-
nishee for said amount. The next entry appearing on
the transcript of the justice's docket was as follows:
"January 25. Amount earned to date in January, not
ascertained, and continued for further answer until
February 18, 1896." The other entries pertaining to
this particular case were as follows; "March 12,

Answer continued until March 25, 1896, 10 o'clock."
"March 23.   Judgment *nisi* against Ivy Coal & Coke
Company, garnishee, $19.37 and costs."   "March 23.
*sci. fa.* issues April 21, 1896."   "April 21.   Judgment
final against Ivy Coal & Coke Company, $19.37 and
costs."   The other facts of the case are sufficiently
stated in the opinion.

Upon the hearing of the cause, the court rendered
judgment in favor of the defendant, to the rendition of
which judgment the plaintiff excepted.   The judgment
entry in reference to the rulings of the court upon the
pleadings, was as follows: "On this, the 19th day of
October, 1899, came the parties by their attorneys,
and defendant's demurrers to plaintiff's complaint, are
by the court heard, considered and sustained, and
plaintiff's demurrers to defendant's pleas are by the
court heard, considered and overruled."   The plaintiff
appeals, and assigns as error the rulings of the trial
court to which exceptions were reserved.

JOHN W. CHAMBLEE, for appellant, cited *M. & C. R.
R. Co. v. Brannon,* 96 Ala. 461; *Cross v. Spillman,* 93
Ala. 170; *Foster v. Napier,* 73 Ala. 602; *Abraham v. Al-
ford,* 64 Ala. 281; *Galbreath v. Cole,* 61 Ala. 141; Code,
§ 488.

JOHN J. MOORE, *contra,* cited Code, § 481; *Ind. Pub.
Co. v. Amer. Press Asso.,* 102 Ala. 475; *Martin v. Tally,*
72 Ala. 29.

SHARPE, J.—This was a proceeding begun in the
court of a justice of the peace to revive what is alleged
to be a judgment rendered against the appellee garnishee
on April 21st, 1896, pursuant to a previous judgment
*nisi* taken in default of answer.   On the application to
revive, the justice rendered judgment of revivor from
which the garnishee appealed.

In the circuit court the plaintiff filed a declaration
presenting *de novo* his claim to have that judgment re-
vived and also averring a right to have revived a prior
judgment obtained by him on the garnishee's answer in

[Burgin v. Ivy Coal & Coke Co.]

the same garnishment suit.　As evidence of the alleged judgments he introduced a transcript from the justice's docket which, as set out in the bill of exceptions, shows a judgment rendered against the garnishee on its answer on January 21, 1896.　That the cause was then continued for further answer does not appear from the transcript or elsewhere in the bill of exceptions.　Another writing purporting to be a transcript from the justice's docket is copied into the record wherein an order of continuance is found under the date of January 21st, 1896, but it is not shown to have been used on the trial.　The bill of exceptions must govern as to which was there used and treated as the correct transcript, and looking to that the order of continuance does not appear to have been made until January 25th, 1896.　Other entries show that a judgment *nisi* was thereafter rendered and made final.

If the transcript so exhibited is correct as to dates, the judgment on the garnishee's answer was a final adjudication of his liability.

Regularly, if the garnishee's answer disclosed a certain but immature liability to the defendant, a judgment would have been rendered with suspension of execution until the debt matured.—Code, § 2191.　Or if it showed under an existing contract a contingent future liability besides debt presently due, the case might have been continued for further answer without rendering a present judgment unless a present judgment and continuance was consented to.—*Security Loan Asso. v. Weems*, 69 Ala. 584.

If the court had power without the garnishee's consent to keep him in court after judgment rendered on his answer, that power must have been exercised at the time of the judgment, and while the garnishee was before the court, otherwise the judgment had the effect of terminating the suit and thereby discharging him.

The justice's court could not, by an order of continuance made four days after the first judgment, retain or reinstate its jurisdiction over the garnishee. At that time new process of garnishment was necessary to compel a further answer and to give the court jurisdiction to render a judgment *nisi*. The bill of exceptions recites, that "it was admitted on the trial that the transcript of the

[Burgin v. Ivy Coal & Coke Co.]

proceedings before the justice and the papers introduced in evidence showed all the proceedings in the justice's court, and it was admitted that they did not show and that there was no service of process made on defendant or appearance by defendant in said justice court prior to the rendition of the judgment for $19.37 on April 21, 1896, sought to be revived in this action." This admission together with the recitals of the transcript used in evidence show that the judgment *nisi* and the pursuant judgment were void for lack of proceedings necessary to call into exercise jurisdiction of the justice's court over the subject matter as well as over the person of the garnishee. There can be no revival of a nullity.

There is no merit in the plaintiff's contention that the garnishee's appeal from the justice's judgment of revivor admitted jurisdiction in the justice court to render the money judgment. An application to revive must be begun in the court in which the judgment sought to be revived was rendered. The circuit court could acquire jurisdiction of the application only by appeal. Since the appeal was alone from the judgment reviving the last money judgment of the justice, it had no jurisdiction to revive the first judgment.—*Francis-Chenoweth Co. v. Bailey*, 104 Ala. 566.

Recitals in the record of rulings on demurrers to pleadings do not amount to judgments disposing of the demurrers, and therefore according to repeated decisions of this court are insufficient to support assignments of error.—*Jasper Mer. Co. v. O'Rear*, 112 Ala. 247; *Bessemer L. & Imp. Co. v. Dubose*, 125 Ala. 442; *Hereford v. Combs*, 126 Ala. 369.

The judgment will be affirmed.