(87 South. 87)

### BOWEN v. HOLCOMBE. (1 Div. 154.)

(Supreme Court of Alabama. June 30, 1919. Rehearing Denied Oct. 21, 1919.)

1. Elections ⊚�ý269—Contest proceedings are of statutory creation.

Election contests are proceedings of purely statutory creation, and the Legislature may prescribe the jurisdiction, methods, and means therefor.

2. Elections ⊚�ý308—Security for costs of contest is jurisdictional requirement.

The exaction of security for costs of an election contest under Code 1907, § 470, as amended by Laws 1911, p. 195, is a jurisdictional requirement, and, if such security is wholly absent, the court cannot proceed.

3. Elections ⊚�ý308 — Imperfect security for contest costs may be amended.

An imperfect security for costs of an election contest may be perfected by amendment.

4. Elections ⊚�ý305(5)—Security for costs of election contests cannot be presumed.

Where the transcript of record, to which the clerk attached the customary certificate of completeness, does not show that any security for costs of an election contest was offered or given in compliance with the law's jurisdictional requirement, the giving of such security cannot be presumed.

5. Appeal and error ⊚�ý20—No jurisdiction on appeal where lower court without jurisdiction.

Where the record shows that the court below did not acquire jurisdiction in the premises, any judgment or order therein will not support an appeal.

Appeal from Circuit Court, Mobile County; Joel W. Goldsby, Judge.

Election contest by Joseph G. Bowen against William H. Holcombe, Jr. From a decree for contestee, contestant appeals. Appeal dismissed.

Roach & McConnell, of Mobile, for appellant.

The contestant relies on the corrupt practice act. Acts 1915, p. 250 et seq. The circuit court has jurisdiction of the contest. Sections 470, 471, as amended by Acts 1911, p. 195; 203 Ala. 546, 84 South. 740. The court was therefore in error in holding the contestant was not entitled to contest.

Stevens, McCorvey & McLeod, of Mobile, for appellee.

Security for cost is jurisdictional. Section 462, Code 1907; 160 Ala. 265, 49 South. 756; 172 Ala. 205, 55 South. 627; 114 Ala. 659, 21 South. 1017. The grounds assigned in the contest may affect the nomination, but cannot affect the election of the contestee. Acts 1915, p. 252; Acts 1915, p. 218.

McCLELLAN, J. Appellant sought to contest the election (not nomination) of the appellee to the office of sheriff of Mobile county, in virtue of amended Code, § 470 (Act approved April 5, 1911, Gen. Acts, p. 195). The contestee's demurrer to the appellant's original "statement of grounds of contest" being sustained, the "statement" was amended, and appellee's demurrers thereto were sus-

---

⊚�ýFor other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

tained. Contestant declining to plead further, judgment was rendered for contestee, with costs.

[1] Contests of elections are proceedings of purely statutory creation; and the Legislature may prescribe the jurisdiction, methods and means therefor. Scheuing v. State ex rel., 177 Ala. 162, 164, 59 South. 160, among others.

[2] The exaction of security for costs of contest, set down in Code, § 470, and in its amended form, supra, is a jurisdictional requirement that, if wholly absent, will not allow the court to proceed a "single step." Hutto v. Walker County, 185 Ala. 505, 510, 64 South. 313, Ann. Cas. 1916B, 372; Wilson v. Duncan, 114 Ala. 659, 669, 21 South. 1017; Ex parte Shepherd, 172 Ala. 205, 210, 211, 215, 55 South. 627; Pearson v. Alverson, 160 Ala. 265, 49 South. 756, among others.

[3, 4] An imperfect security for costs may be perfected by amendment. Lowery v. Petree, 175 Ala. 559, 57 South. 818. This transcript to which the clerk of the circuit court attaches the customary certificate of completeness does not show that any security whatever for costs of contest was offered or given in compliance (defective or otherwise) with the law's jurisdictional exaction in that regard. This essential to jurisdiction in a special proceeding of this character cannot be assumed or presumed.

[5] As the record stands on reproduction for the purposes of appeal, the court below did not acquire jurisdiction in the premises. Hence, according to the record here, the court was without jurisdiction; and any judgment rendered or order taken will not support an appeal. Singo v. Fritz, 165 Ala. 658, 661, 51 South. 867; Singo v. McGhee, 160 Ala. 245, 252, 49 South. 290.

Appeal dismissed.

ANDERSON, C. J., and SOMERVILLE and THOMAS, JJ., concur.