## HILL v. BISHOP.

1. When the defendant covenants to pay a stipulated rent for certain premises, and is let into possession, and continues to enjoy it until the end of his term, it is no defence to an action of covenant, that the plaintiff has omitted to make certain improvements and repairs to the leased premises. In such a contract the stipulations are independent.

2. When a plea is offered after the pleadings are made up, its acceptance or rejection is a matter of discretion with the Court, and will not be reviewed.

3. A continuance and its terms is also a matter of discretion, which will not be reviewed.

4. When the defendant, in presence of the plaintiff, and previous to entering into a contract for the rent of certain premises, insisted on repairs and improvements being made as an inducement to the contract, his estimate of the value of the improvements, &c, made in the presence of the plaintiff, cannot be given in evidence to the jury, for it leads to no conclusion that the value was admitted by the plaintiff.

5. In an action of covenant, the plaintiff's verdict for damages may be reduced by showing that the defendant has been injured, and to what extent, by the plaintiff's omission to perform his stipulations contained in the same contract.

Writ of error to the Circuit Court of Talladega.

ACTION of covenant by Bishop against Hill, on articles of agreement sealed by both, to this effect:

Bishop rented to Hill the house, lot and appurtenances thereto, known as the Indian Queen Hotel, from the 18th January, 1838, until the 1st day of January, 1839—Hill to keep the same as a Hotel. Bishop bound himself to have the Hotel

painted; to have the window .sash repaired; to put glass therein; to build a meat house, and a corn crib, by the next spring Court; and another out-house as soon as he conveniently could. For, and in consideration of which, Hill promised to pay him one thousand dollars, as follows : five hundred dollars on the 1st January, 1839, and five hundred dollars on the 1st January, 1840; and bound himself to deliver the said Hotel and premises to the said Bishop on the 1st · January, 1840, in good order; and further agreed, that the said Bishop should have the use of so much of the house, known as the Bell Tavern, as his family might require, for the space of three months, without charge. ·

The declaration sets out so much of the covenant as relates to the payment of rent; and avers that the defendant was let into possession of the leased premises, and held them for the whole term. The breach assigned is, the non-payment of the rent.

The defendant demurred to the declaration, after craving oyer of the articles. The demurrer was overruled; and the defendant then pleaded—1. Covenants not broken. 2. That the plaintiff did not perform his covenants. 3. Payment. 4. Set off. The first plea was demurred to, and the demurrer sustained. Issues were joined on the others.

Another plea was afterwards offered by the defendant, setting out the agreements, and alledging that the plaintiff did not within a reasonable time, have the Hotel painted; nor have the sashes repaired, and glass put therein; nor build the meat house, corn crib, and other out house; but wholly failed so to do : whereupon the said defendant prayed, that the said plaintiff might be barred of his action. This plea was rejected by the Court.

The defendant also moved to continue the trial until the next term; but the Court refused to do so, unless he would confess a judgment for a portion of the plaintiff's demand.

In the progress of the trial, evidence was given by the defendant, that the corn crib, meat house, &c., were not built by the plaintiff; and that he did not make the repairs he had covenanted to make on the Hotel. On the evidence, the Court was requested to charge the jury, that they should find in his

favor.   This the Court refused.   He then requested the Court to instruct the jury that, unless the plaintiff had shewed by proof what was the value of the use of the premises without these houses and repairs, he was not entitled to recover.   This was also refused ; and the jury was instructed, if they should be of opinion that the houses, &c., were not built as covenanted, they should deduct the fair value of such improvements as were not made.

A witness was also called by the defendant, and asked what estimate the defendant placed on the repairs, &c., &c., at the time of making the contract, and before the execution of it. This estimate was made in the presence of the plaintiff.   This evidence was objected to, and the witness not allowed to answer.

Exceptions were taken to the several matters, and errors are now assigned on the whole record by the defendant, against whom a recovery was had in the Circuit Court.

COCHRAN for the plaintiff in error.
MOORE for the defendant.

GOLDTHWAITE, J.—1. Judges have often perplexed themselves and others, by endeavoring to ascertain determinate and arbitrary rules under which to class all covenants.   After repeated failures in such efforts to settle rules, it seems now to be generally conceded, that the safest and best course is, to ascertain what was the intention of the parties from the instrument they have executed, and then to give it such a construction as will carry this intention into effect.   [Kingston vs. Preston, 2 Doug. 689 ; Glassbrook vs. Woodrows, 8 Term. 371.]

The form of the covenant, or the manner in which the several stipulations to be performed by either party, are stated in the agreement, is of very little importance ; because Courts must frequently construe covenants to be entirely independent, even in cases where a dependence is indicated by express words.

Thus, in Boone vs. Eyre, 1 Henry Black. 273, the plaintiff conveyed to the defendant the equity of redemption of a West India plantation, together with the stock of slaves on it, in con-

sideration of an annuity for life, and covenanted a good title to the plantation, and was lawfully possessed of the slaves; and the defendant covenanted he would pay the annuity, the plaintiff well and truly performing all and every thing therein contained, on his part to be performed. The breach assigned was, the non-payment of the annuity. The defendant pleaded that the plaintiff, at the time of making the deed, was not legally possessed of the slaves or the plantation, and so had not a good title to convey. To this, there was a general demurrer; and it was held, that as the covenants in relation to the slaves went only to a part of the consideration, and as the breach could be paid for in damages, the plea was not good; for, if it was allowed, any slave, not being the property of the defendant, would bar the action. It will be perceived, that the lands and slaves were conveyed; so the contract on the part of the plaintiff was executed.

So, in the present case, the contract of lease was executed, and it would seem to be absurd to conclude, that the right to receive the stipulated rent could be lost, by the omission of the plaintiff either to insert a pane of glass, or to erect the corn crib.

There is also, in this case, another feature which enables us to ascertain the intention of the parties with unerring certainty. The contract, in part, was executed by the plaintiff, and as to the other portion, the execution was postponed to a future day. It is impossible, therefore, that the stipulations of these parties were intended to be mutual and dependent. The defendant cannot be permitted to insist that he is relieved from his contract, by the failure of the plaintiff to perform a part of the matters covenanted by him. [Campbell vs. Jones, 6 Term. 670; Carpenter vs. Cresswell, 4 Bingham 409.]

This conclusion disposes of all the questions raised on the demurrer to the declaration; and would also, be sufficient to dispose of the rejected plea, if that also had been demurred to.

2. The plea was presented after the pleadings had been made up, and the application then to plead another, is always addressed to the discretion of the Court, and its decision is not subject to revision.

3. The same may be said of the refusal to continue the case ; but if this was subject to revision, we should hesitate for a reason to show that a party ought to be obliged to wait for one portion of his just demand, because another might be disputed.

4. The estimate, which the defendant placed, on the improvements and repairs, even if made in the presence of the plaintiff, was not proper to go before the jury as evidence, for it cannot be considered as an admission of their value ; and if it cannot be considered in this light, there is no pretence for its admission.

5. We can perceive no error of which the defendant is allowed to complain, in the instructions given to the jury. The amount to be paid as rent, was stipulated, and we have already shown that the omission of the plaintiff to perform what he had stipulated, does not discharge the defendant's liability.

The strict rule adopted in most Courts, would throw the defendant on his cross action ; but the case of Green vs. Lenton, 7 Porter 133, settles, that the damages in an action of covenant may be reduced, by showing that the defendant has sustained damages by the plaintiff's omission to perform stipulations contained in the same agreement. The rule adopted in that case, was, in substance, the one given in charge to the jury.

There is no error, and the judgment is affirmed.