# Donnelly *v.* House, *et al.*

## *Assumpsit.*

(Decided April 29, 1909.   49 South. 324.)

1. *Pleading; Facts or Conclusion.*—Where the action was for rent a plea alleging that the landlord agreed to repair the premises, but that he broke his agreement to make such repairs and that as a proximate consequence thereof defendant was damaged in a specific sum which he offered to set off against the landlord's demand for rent, is not demurrable as stating a conclusion .

2. *Landlord and Tenant; Rent; Set-off.*—Damages for failure to repair in accordance with the contract may be set off against the rent in an action therefor, as such demand is not objectionable as sounding in damages merely; a debt or demand not sounding in damages merely being one which, when the facts are ascertained, the law is capable of measuring accurately by a pecuniary standard. (Sec. 5859, Code 1907.)

3. *Same; Contract to Repair; Necessity of Consideration.*—Where the original contract of leasing provides that the lessor shall not be required to make any repairs upon the building leased unless so stipulated and agreed upon in writing at the commencement of the lease, and should not be liable for any damages from rain, wind, etc., a subseqent contract by which the landlord, contracts to make certain repairs is a new and independent contract and must be supported by some consideration other than that of the contract of lease.

APPEAL from Birmingham City Court.

Heard before Hon. C. W. FERGUSON.

Action by J. W. Donnelly against E. W. House and another. From a judgment for defendants, plaintiff appeals. Reversed and remanded.

Plea E is as follows: "The plaintiff made an agreement on, to-wit, the 15th day of March, 1906, to fix and repair the room, and to repaper the room, and put in certain gas fixtures in the house, for the rent of which, this action is brought, and said agreement is made upon a sufficient consideration from the defendants to plaintiff, and plaintiff broke his agreement to make such repairs to said roofs, walls, and gas fixtures, and as a proximate consequence thereof

defendants were damaged in the use of the room and house in the sum of $200, which they hereby offer to set off against plaintiff's demand." And it claims judgment for the balance.

CABANISS & BOWIE, for appellant.—A plea of set-off is a cross action which must contain the same averments and be sustained by the same proof as if the situation of the parties was reversed and the defendants had sued the plaintiff separately upon the cause of action.— *Sledge v. Swift*, 53 Ala. 110. Where a complaint avers that the cause of action was a verbal contract between the plaintiff and the defendants, and the proof shows only a contract with one of the parties, and there is no amendment, or offer to amend, there is a fatal variance between the allegation and proof, which will vitiate the judgment.—*Cobb v. Keith*, 110 Ala. 614-618; *Gamble v. Kellum*, 97 Ala. 677; *Jones v. Englehardt*, 78 Ala. 505; *Steed v. McIntyre*, 68 Ala. 407; *Jones v. Nelson*, 51 Ala. 471. "A misjoinder of plaintiffs, whether disclosed on the record or by the evidence offered on the trial, is fatal to a recovery; in an action at law all the plaintiff must be entitled to recover, or none can recover."—4th Mayfield's Dig. 366, Sec. 236; *Ware v. Warwick* 48 Ala. 295; *Bell v. Allen*, 53 Ala. 125; *Giovanni v. First Natl. Bank*, 51 Ala. 176; *St .Clair v. Caldwell*, 72 Ala. 527; *McLeod v. McLeod*, 73 Ala. 42. In the absence of an express agreement to repair, the landlord is under no obligation to do so.—*Thompson v. Glass*, 136 Ala. 648; *Burkes v. Bragg*, 89 Ala. 204; *Burkley v. Cunningham*, 103 Ala. 449; *Bullock v. Coleman*, 136 Ala. 610.

ALLEN & BELL, for appellee.—A principal for whom an agent acts may at any time maintain an action on the contract in his name.—70 Ala. 190; 107 Ala. 300; 128 Ala. 321; 135 Ala. 415; 137 Ala. 294. The evidence

[Donnelly v. House, et al.]

went to the jury without objection, and cannot now be said to be error.—97 Ala. 141; 100 Ala. 503; 107 Ala. 300. A variance is such a departure as leaves no room for fair inference.—67 Ala. 1; 107 Ala. 300. Counsel discuss the charges assigned as error, but without citation of authority.

SIMPSON, J.—This action was commenced in the justice of peace court by the appellant against the appellee for rent claimed to be due on a written contract of renting.

The first assignment of error insisted on by the appellant is to the action of the court in overruling the demurrer to plea E; and it is first insisted that the ground of demurrer, "that said plea is the mere conclusion of the pleader," should have been sustained. Said plea sets up an agreement, which it is alleged was made on the 15th day of March, 1906, by which the plaintiff agreed to place certain repairs on the rented premises, for a sufficient consideration from the defendants to the plaintiff, alleges the breach, and claims that the defendants were thereby damaged to the amount of $200 in the use of the house and rooms, which the defendants offer to set off. The plea sufficiently alleges the facts upon which the damages are claimed, and it is not subject to said cause of demurrer.

It is next insisted that said plea is subject to the cause of demurrer, "for that said plea sounds in damages merely." "A debt or demand 'not sounding in damages merely' is one which, when the facts upon which it is based are established, the law is capable of measuring accurately by a pecuniary standard."—Code 1907, § 5859; Cage & Salter v. Phillips, 38 Ala. 382. The plea is not subject to this cause of demurrer.

The matters alleged in plea E were practically the only issues raised in the case, and it was only to the spe-

[Donnelly v. House, et al.]

cial contract therein set up, and the set-off therein presented, that the evidence was directed. The original lease contract provided that the premises were leased "for occupancy by them as a residence and not otherwise;" also that "the party of the first part (the lessor) shall not be required to do any repairs upon the building herein leased, unless so stipulated and agreed upon, in writing, at the commencement of this lease;" and also that he should not be liable for any damage from rain, wind, etc. The agreement or contract for repairs, set up in said plea E, being a new and independent contract, must, in order to be legally binding, and enforceable by way of set-off, be shown to have all the elements of a contract; a very important one being a consideration.

The testimony of the principal defendant herself shows merely that the lessor, some time after she had gone into possession under the lease, promised to have certain repairs done. The only semblance of a consideration attempted to be set up in any of the pleadings is that she threatened to abandon the premises if he did not make the repairs, which she had no right to do, under the contract; but she distinctly denies that in her own testimony, so that the agreement is left entirely without a consideration. This of itself was sufficient to warrant the giving of the general charge requested in writing by the plaintiff, without alluding to the fact that the suit is against two parties and the agreement set up as a set-off, if made at all, was with only one of them.

It is unnecessary to consider the errors claimed in regard to the admission of evidence and to other charges.

The judgment of the court is reversed, and the cause remanded.

DOWDELL, C. J., and DENSON and MAYFIELD, JJ., concur.