# House, *et al. v.* Donnelly.

*Assumpsit.*

(Decided January 21, 1913.   61 South. 18.)

1. *Judgment; Res Judicata; Set-Off.*—Where a suit was brought for an installment of rent to which defendant pleaded as a set-off. the plaintiff's alleged breach of an oral contract to make certain repairs, and judgment was rendered in that case for plaintiff for the rent sued for, and against defendant's plea of set-off, such judgment was conclusive against defendant's right to plead the breach of plaintiff's contract to make the repairs as a set off in a subsequent suit for rent for a subsequent month, notwithstanding the contract to make repairs was differently alleged; it not being claimed that there was more than a single contract to make repairs.

2. *Same; Splitting Cause of Action.*—Where defendant pleads set-off or counter claim, he must exhibit all of his claim and cannot by using only a part thereof set up the balance as a defense or counter claim in any subsequent action against him by plaintiff in the first action.

[House, et al. v. Donnelly.]

APPEAL from Birmingham City Court.

Heard before Hon. C. C. NESMITH.

Assumpsit by J. W. Donnelly against E. W. House, and others. Judgment for plaintiff and defendants appeal. Affirmed.

See also 160 Ala. 325; 49 South. 324.

VASSAR L. ALLEN, for appellant. It is a primary principle of res judicata that the rule is confined to those cases where the parties to the two suits are the same, the subject matter the same, the identical point is directly in issue, and the judgment has been rendered in the first suit on that point.—*Ryan, et al. v. Young,* 147 Ala. 669; *Dodson v. Hurley,* 129 Ala. 392; *Stone v. St. Louis Co.,* 29 N. E. 623; *Steam Packet Co. v. Sickles,* 24 How. 333; *Jacobs v. Miller,* 41 Mich. 90; *Howlett v. Tarte,* 10 C. B. N. S. 813. The rule does not apply where the cause of action is different even though the parties in the subject matter be the same.—*Dobson v. Hurley, supra; Crowder v. R. M. M. Co.,* 127 Ala. 254; *Hooper v. Pierce,* 151 Ala. 517; *Cromwell v. Sac County,* 94 U. S. 351; *Russell v. Place,* 94 U. S. 214. There was not an identity of causes of action or issues in such a sense as to constitute the former judgment res judicata. —*Penny v. Corey,* 147 Ala. 660.

CABANISS & BOWIE, for appellee. The court's attentoin is called to a former report of the other branch of this case found in 160 Ala. 325. The judgment in that case was a bar complete and binding upon the parties just as effectively in one case as the other.—*Riddle v. McLester,* 145 Ala. 307; *Wood v. Wood,* 134 Ala. 557; *Strauss v. Mertief,* 64 Ala. 299; *Columb v. Webster Mfg. Co.,* 84 Fed. 592; 23 Cyc. 1171 and 1201; *S. & N. A. R. R. Co. v. Henline,* 56 Ala. 368. To hold otherwise

would permit defendant to split his cause of action contrary to the express terms of the statute.—Sec. 2505, Code 1907.

WALKER, P. J.—This was an action to recover an amount claimed to be due as rent for the month of September, 1906, under a written contract entered into by the defendants (the appellants here). The defendants plead as a set-off a claim to damages alleged to have been sustained by them as the result of the plaintiff's breach of an alleged parol agreement on his part to have the rented premises repaired. To this plea the plaintiff interposed a special replication, which set up as an adjudication against the claim put forward in the plea a judgment in favor of the plaintiff rendered in a previous suit, brought by him against the same defendants, for the installments of rent due for the month of August, 1906, under the same rental contract, in which suit, as in effect was averred in the replication, the same claim as that pleaded as a set-off in this suit was set up by the defendants, was tried on its merits and adjudged against them. As it was for the full amount claimed in the complaint therein, the judgment in the former suit finally disposed of adversely to the defendants therein all matters of defense there set up, including the claim which was there pleaded as a set-off. The contention of the appellants is that the claim set up by the special plea in this case is not the same claim as the one which was pleaded by them in the former suit, and that for this reason the judgment rendered in that suit is not a bar to the claim upon which they rely to defeat the present action.

The evidence in the case plainly developed the fact that whatever claim the defendants had against the plaintiff because of an alleged breach by the latter of

an agreement on his part to repair the rented premises was based upon what occurred in a single interview with him. There is no pretense that there was any contract on that suject other than the verbal one claimed to have been made on that occasion. It is made plain that the defendants in the former suit sought to enforce by way of a set-off what that alleged contract was then claimed to be. Their plea setting up such contract was held to be good as against the demurrer interposed to it.—*Donelly v. House,* 160 Ala. 325, 49 South. 324. The adjudication was against the claim as it was made in that case. We understand the contention of the counsel for the appellants to amount to this: That, though the claim set up by the special plea in this case is based upon the same transaction upon which the claim which was pleaded as a set-off in the former suit was based, yet the judgment rendered in that suit does not affect the claim of set-off asserted by the special plea in this case, because the description of the contract which is found in that plea varies somewhat from that given in the special plea in the former case, and because in this case there is a claim of the existence of a consideration to support the contract, which was not made or passed upon in the former suit. If such a contention can be sustained it is manifest that the doctrine of res adjudicata is of very limited application to claims based upon alleged verbal agreements. Under the rule as the appellants would have it applied all that would be necessary to avoid the effect of a former adjudication against such a claim as it was then asserted would be to vary the description of it given in the pleading in a subsequent suit, and to aver and prove in such subsequent suit the existence of a consideration to support the claim which was not relied upon in the former suit. We think that the con-

tention is based upon a misconception of the scope of the former adjudication.

If, as a result of the transaction upon which the defendants rely, an obligation to make repairs on the rented premises was incurred by the plaintiff, this contract of his, whether it was described in the special plea in the former suit or is described in the plea of set-off filed in the present suit, was one for a breach of which, under a familiar rule which has been embodied in a statute in this State (Code, § 2505), but one suit can be maintained when all the breaches complained of had occurred when that suit was brought. The right to maintain the one suit on a single cause of action cannot be enlarged as a result of the plaintiff's failing, in the first suit in which it is availed of, to assert his entire claim, or to adduce all the evidence available in support of it. "The parties to a suit must make the most of their day in court, and bring forward all claims and demands properly belonging to the cause of action, as well as all their evidence, and all necessary parts of their case or defense, on pain of being barred in a subsequent controversy."—2 Black on Judgments, § 731. "If a defendant, having a demand against plaintiff, pleads it as a set-off or counter-claim in the action, he must make the most of his opportunity, and exhibit his whole damage, for the judgment in the action will prevent him from afterward using the same matter, or any part of it, as a separate cause of action against the former plaintiff, or as a defense or counter-claim in any subsequent action between them."—23 Cyc. 1201; *South & North Ala. R. R. Co. v. Henlein,* 56 Ala. 368.

In the case of *Columb v. Webster Mfg. Co.,* 84 Fed. 594, 28 C. C. A. 225, 43 L. R. A. 195, the plaintiff, who had been unsuccessful in a previous action against the same defendant to recover damages for a personal injury

claimed to have been sustained by reason of the defendant's negligence, attempted to maintain a second action for damages based upon the same injury by resorting to the device of varying the description of the defendant's negligence. It was said in the opinion disposing of the case: "The reasons for the res judicata rule have been stated again and again, and they include, among other considerations, the idea that the interests of the public and of litigants alike require that a legal controversy should end with one investigation before a tribunal with ample jurisdiction to do justice, and with ample opportunity for the parties to present their case with such measure of statement and proof as they see fit. A rule which would allow a plaintiff to split his case, and measure out a part of his grievance and of his proofs, and in the event of failure, to try again upon a greater measure, would necessarily allow the defendant to stand on a part, rather than all, of his defense to a given cause of action, and, if this should prove insufficient, a second trial upon a more full statement and a greater measure of proofs would be open to him. Under such a rule, litigation would at once become burdensome and oppressive, interminable, and never ceasing —a condition which the modern law seeks to avoid, and a situation which courts of the present age are not disposed to aid in creating. * * * It is true that the plaintiff, in his second attempt to describe his cause of action, states a stronger case than in his first, for the reason that he includes other elements of negligence; but this does not entitle him to a second trial. A person suffering from a supposed grievance of the character in question must not be permitted to resort to several trials and to different courts, experimenting as to relief, first with a part of his cause of action, then with a little more, and then again with a still stronger de-

scription of the co-operating elements which are sup-
posed to have caused the injury. If sound principles
permit a second trial, because the second pleader pre-
sents a stronger description of the negligent acts con-
tributing to the injury than the first, why not a third,
and fourth, and so on without limit, as long as a
pleader can be found with sufficient skill and ingenuity
to draw a declaration broader than the one next pre-
ceding?"

Such considerations against permitting more than
one suit to be maintained on a single and indivisible
cause of action in tort also support the conclusion that
one who claims that a contract obligation accrued to
him as the result of a certain transaction is not en-
titled to litigate a second time the question raised by
such a claim after an unsuccessful attempt by him in a
former suit between the same parties to enforce such
claim as he then chose to present and support it. If
there was such a consideration as is averred in the plea
of set-off in this case, the existence of that considera-
tion was an essential feature of the claim asserted by
the defendants in the former suit. In pleading and rely-
ing on it now for the first time, and in varying the de-
scription of the obligation on the part of the plaintiff
claimed to have resulted from the one transaction relied
upon, the defendants do not make their present counter-
claim another and independent cause of action, separate
and distinct from the one relied upon by them in the
former suit, but are attempting to bring forward in
this subsequent suit a state of facts which properly
formed a part of the cause of action asserted by them
against the same plaintiff in the former suit, and which
was finally disposed of adversely to them by the judg-
ment rendered in that suit. The inquiry in such case is,
not what the parties actually litigated in the former

suit, but what they might and ought to have litigated under issues made in that suit.—*Wood v. Wood*, 134 Ala. 557, 33 South. 347. The conclusion follows that, as the evidence in the case without conflict sustained the claim of the plaintiff, and had no tendency to sustain any defense which was not barred by the judgment in the former suit, the court was not in error in giving the general affirmative charge in favor of the plaintiff.

Affirmed.