# Wise, *et al. v.* Sparks.

### Assumpsit.

(Decided December 7, 1916.  73 South. 394.)

1. **Landlord and Tenant; Rent Action; Jury Question.**—Where the lease was oral, whether the tenant's covenant to pay rent was dependent upon the landlord's covenant to make improvements, and have the premises ready for occupation by a date named, was for the jury, under the evidence in this case.

2. **Same; Lease; Covenant.**—If, under the oral lease in this case, the tenant's covenant to pay rent was dependent upon the landlord's covenant to make improvements and have the premises ready at a certain day, the breach of the landlord's covenant to repair would justify the tenant in declining to occupy the premises at the time stipulated, and release defendant from the obligation to pay rent.

3. **Same.**—If the tenant's covenant to pay rent, the lease being oral, was not dependent upon the landlord's covenant to make improvements, and the tenant entered and occupied the premises without the improvements agreed upon they would be liable for the rent subject to reduction by cross damages that might be allowed for the landlord's failure to improve.

4. **Same; Contract; Rescission.**—Where the lease was oral, and the tenants notified the landlord of the abandonment of the contract before taking possession of the premises, and the landlord elected to keep the rental con-

[Wise, et al. v. Sparks.]

tract alive and hold the tenants to their obligation, this necessarily kept the contract alive for all purposes, and the landlord owed unperformed obligations to make repairs before a date named, remained in full force and effect, notwithstanding the landlord could have elected to submit to a rescission and rely upon action for the breach, and would not, in that case, have been bound to make improvements under the provision of the lease, although release from that burden would necessarily have reduced the amount of her recovery.

APPEAL from Cullman Circuit Court.

Heard before Hon. R. C. BRICKELL.

Special and general assumpsit by Mrs. Tillie Sparks against Tony Wise and others, for rent. Judgment for plaintiff, and defendants appeal. Transferred from Court of Appeals under Acts 1911, p. 450, § 6. Reversed and remanded.

It appeared that prior to August 15, 1913, defendants verbally leased from plaintiff a certain building and premises, the lease to begin October 1, 1913, and run six months. According to plaintiff's evidence she agreed to patch some holes in the storeroom walls, and have the building ready by October 1. According to defendants' evidence the lease was conditioned on plaintiff's building a shed over their scales and making some repairs inside. About September 1st defendants notified plaintiff that they would not take the premises, but plaintiff declined to rescind the contract, and tendered the keys to defendants on October 1, and held the premises open and subject to lease. No repairs had been made, nor shed for the scales built at this time, and no improvements were ever made by plaintiff afterwards. The court directed a verdict for plaintiff on the evidence.

A. A. GRIFFITH, for appellants.    F. E. ST. JOHN, for appellee.

SOMERVILLE, J.— (1) Whether or not defendants' covenant to pay rent was dependent upon plaintiff's covenant to make improvements and have the premises ready by October 1st was, under the evidence, a question of fact for the jury.—*Drake v. Goree,* 22 Ala. 409, 414.

(2) If the jury found that these covenants were dependent, then plaintiff's breach of the covenant to repair fully justified defendants in declining to occupy the premises at the time stipulated, and released them from the obligation to pay rent.—*Lunn v. Gage,* 37 Ill. 19, 87 Am. Dec. 233, and note, 237; 9 Cyc. 643, and cases cited.

[Wise, et al. v. Sparks.]

(3) Of course if these covenants were not dependent, or if defendants had entered and occupied the premises without the improvements agreed on, then they would have been liable for the rent, to be reduced, however, by the cross-damages that might be allowed for plaintiff's failure to improve.—*Hill v. Bishop,* 2 Ala. 320; *Vandegrift v. Abbott,* 75 Ala. 487; *Lunn v. Gage,* and note, supra.

(4) But plaintiff insists that, inasmuch as defendants themselves first breached the rental contract by their notice to her that they would not take the premises or be bound by their obligation, they cannot now complain of her subsequent failure to make the improvements, nor avail themselves of her default therein.  If, when defendants notified plaintiff of their abandonment of the contract, she had elected, as she clearly could have done, to submit to a rescission, and rely upon her action for the breach, she would certainly not have been bound to go on and make the improvements, though relief from that burden would naturally have reduced to that extent the amount of her recovery. But, when she elected, as she rightfully could, to keep the rental contract alive, and held defendants to their obligations thereunder, she necessarily kept the contract alive for all purposes, and her own obligations remained in full force and effect.  The law on the subject was clearly and accurately stated by Lord COCKBURN, C. J., in *Frost v. Knight,* L. R. 7 Ex. 111, as follows:

"The promisee, if he pleases, may treat the notice of intention [to abandon the contract] as inoperative, and await the time when the contract is to be executed, and then hold the other party responsible for all the consequences of non-performance; but in that case he keeps the contract alive for the benefit of the other party as well as his own; he remains subject to all his own obligations and liabilities under it, and enables the other party, not only to complete the contract, if so advised, notwithstanding his previous repudiation of it, but also to take advantage of any supervening circumstance which would justify him in declining to complete it.   On the other hand, the promisee may, if he thinks proper, treat the repudiation of the other party as a wrongful putting an end to the contract, and may at once bring his action as on a breach of it; and in such action he will be entitled to such damages as would have arisen from the nonperformance of the contract at the appointed time, subject, however, to abate-

[Louisville & Nashville R. R. Co. v. Burke.]

ment in respect of any circumstances which may have afforded him the means of mitigating his loss."

This statement is quoted with approval in *Roehm v. Horst,* 178 U. S. 1, 11, 20 Sup. Ct. 780, 44 L. Ed. 953, where many other authorities are cited and discussed. See, also, *O'Neill v. Supreme Council,* 70 N. J. Law, 410, 57 Atl. 463, 1 Ann. Cas. 422, and note, 427.

If, therefore, the jury should find that plaintiff covenanted to make the improvements described, and that defendant's covenant to pay rent was dependent thereon, then plaintiff's failure to make the improvements in season would discharge defendants' obligation to occupy the premises and pay the rent.

It follows from the foregoing principles that the trial judge erred in giving the general affirmative charge for the plaintiff, and the judgment must be reversed, and the cause remanded for another trial.

Reversed and remanded.

McCLELLAN, MAYFIELD, and THOMAS, JJ., concur.