(111 So. 10)

**FRAZIER v. RILEY et al.   (4 Div. 299.)**

(Supreme Court of Alabama.   Dec. 16, 1926.
Rehearing Denied with Modification
Jan. 22, 1926.)

1. **Evidence** ☞393(3)—**Oral contradiction of written contract, in itself complete, between landlord and tenant, is not permitted.**

Though lessee may show oral agreement by lessor to repair only when part of contract is in writing, oral contradiction of contract, which is reduced to writing and is in itself complete, is not permitted.

2. **Evidence** ☞442(3)—**In action for rent due under lease, oral agreement to fence held inadmissible because varying complete, unambiguous, written contract by parol.**

Where landlord sued for rent claimed due, and tenant attempted to introduce oral evidence as to agreement to repair farm by putting up fences, such evidence *held* inadmissible because varying complete, unambiguous, written contract between parties.

3. **Landlord and tenant** ☞188(2)—**Breach of covenant to repair is not bar to action for rent, but must be pleaded by way of recoupment or set-off.**

Covenant by lessor to repair being ordinarily independent of covenant of lessee to pay rent, breach of such covenant may not be relied on as bar to action for rent, but must be pleaded by way of recoupment or set-off.

─────────────────────────────

☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

**4. Landlord and tenant ⬢➔231 (2)—In action for rent, admission of evidence that landlord did not keep covenant to fence which caused tenant damage held not error.**

In action by landlord for rent due, admission of evidence that, through failure of landlord to construct fence sufficient to hold hogs and cattle, growing crops were destroyed and certain hogs and cattle were lost *held* not error.

**5. Landlord and tenant ⬢➔229 (15)—In action for rent, attachment being issued, pleas in abatement failing to deny existence of statutory grounds for attachment for rent, held demurrable (Code 1923, § 6212).**

In action for rent due under written lease in which writ of attachment was issued, pleas in abatement, failing to deny existence of statutory grounds for attachment for rent, *held* demurrable, in view of requirements of Code 1923, § 6212, that attachment be abated for grounds and within time indicated.

**6. Landlord and tenant ⬢➔229 (15)—In action for rent, attachment being issued, plea denying indebtedness to be justly due held demurrable, since not denying grounds upon which attachment was issued (Code 1923, § 6212).**

In action for rent due under written lease in which writ of attachment was issued, plea in abatement, denying indebtedness to be justly due as alleged, *held* demurrable, in view of Code 1923, § 6212, since putting in issue alleged ground of attachment and averring that same be abated or dissolved, thus being in nature of plea in bar.

Appeal from Circuit Court, Covington County; W. L. Parks, Judge.

Action by J. D. and W. E. Riley against W. L. Frazier. Judgment for plaintiffs, and defendant appeals. Affirmed.

On December 27, 1920, appellees leased, in writing, to appellant, a farm in Covington county, Ala., containing 600 acres, more or less, for a period of 5 years, beginning January 1, 1921, and expiring December 31, 1925, for an annual rental of $1,500, to be paid on the 1st day of November of each year.

Under the terms of the lease, appellees were to furnish all materials to keep the houses on the place in a reasonable state of repair, and also agreed that they would, on or before October 1, 1921, complete a fence all around the outside of the farm sufficient to hold hogs and cattle; they also agreed that they would furnish and provide material for two cross-fences on the farm, the work to be done by lessee. Appellant, who was the lessee, agreed that during the term of the lease he would keep all the lands properly terraced, maintain all the terraces then on the place, provide others where needed, and, at the expiration of the lease, would return possession of the premises to lessors with the lands in as good state of cultivation and houses in as good state of repair as when he took possession at the commencement of the lease, usual wear and tear and damage from fire excepted. He also agreed to keep all houses and fences in a reasonable state of repair during the term of the lease without cost to lessors, except they should furnish material for such repair.

On September 26, 1923, appellees sued out an attachment for the purpose of collecting rent which was due November 1, 1923, alleging in the affidavit that the defendant Frazier had removed from the rented premises, or otherwise disposed of, a part of the crop grown thereon without paying the rent and without the consent of the landlord, and that there was good cause to believe that the defendant was about to remove from the premises, or otherwise dispose of, a part of the crop, or all of it, without paying the rent and without the consent of the landlord. The amount claimed in this affidavit was $1,250. On February 8, 1926, the affidavit was amended so as to claim the sum of $1,500, and setting out the statutory grounds for suing out the attachment. A writ of attachment was issued September 26, 1923, and levied on certain parts of the crop. A complaint was duly filed in the case on January 9, 1924. This complaint was afterwards amended on February 8, 1926. On October 18, 1923, defendant filed the following pleas:

"(1) Defendant alleges that the rental contract between the plaintiffs and defendant, upon which plaintiffs base their right to maintain said attachment, expressly provides that the rent which is the basis of plaintiffs' demand is payable on November 1, 1923. Defendant alleges, moreover, that said contract expressly provides that plaintiffs shall have as security for said rent a lien upon all crops and emblements raised and produced upon the said premises during the term of the said lease, and that said lien may be enforced upon the nonpayment of the rent by taking and sale of said property as in cases of chattel mortgages on default thereof, said sale to be made on 6 days' notice. Defendant alleges that the provisions in said contract, providing for the manner of enforcing the said lien, precludes plaintiffs from enforcing said lien by attachment as they seek to do in this case, wherefore defendant alleges that said attachment ought to be dissolved.

"(2) Defendant adopts all of the first plea hereinabove set out down to and including the words 'six days' notice' as they appear in said plea, and adds thereto the following: Defendant alleges that the said provisions of said contract postpone plaintiffs' right to enforce the said lien by attachment unless and until there has been default in the payment of the said rent when the same falls due under the said rental contract, wherefore defendant says that the attachment in this case should be dissolved or abated.

"(3) Defendant denies that the alleged indebtedness, the basis of the attachment, is justly due, as alleged in the plaintiffs' affidavit, but on the contrary he avers that the rent, the basis of plaintiffs' demand, if any be due, will not be

due until, to wit, November 1, 1923. Defendant therefore puts in issue the alleged grounds of attachment, and avers that said attachment should be dissolved or abated."

Appellees demurred to these pleas. The judgment entry recites:

"Court, after having heard and considered the demurrers to the defendant's pleas and having considered the same, it is therefore ordered by the court that the demurrers be, and the sam' .s hereby, sustained."

Appellant's first assignment of error is as follows:

"The trial court erred in sustaining plaintiffs' demurrers to the defendant's pleas."

The defendant pleaded in short by consent with leave to give in evidence any matter that might be specially pleaded, including set-off and recoupment, with like leave to plaintiff to reply.

On the trial, defendant, on cross-examination, propounded this question to one of the plaintiffs, "And what was the purpose of building this fence around—" Being interrupted by objection interposed by plaintiffs, which was sustained by the court, defendant's counsel stated to the court:

"We offer to show, your honor, that it was talked over between the parties at the time that this contract was made with Mr. Frazier, that this defendant was leasing this place for a stock farm, and that it was talked over between them there, and that that was the purpose— that he wanted this agreement on the part of the lessor, that he was to do this repair work there in the way of fencing, and we offer to show that."

Plaintiffs' objection to this offered testimony was sustained.

Defendant propounded to his witness these questions, plaintiffs' objections to which were sustained:

"Now, Mr. Frazier, with the fence on the outside of this farm suitable for holding hogs and cattle, would that place have been suitable for a stock farm?" and "Well could you raise stock there with the fences in the condition that it was in?"

There was verdict and judgment in favor of plaintiffs for $1,519, from which defendant has appealed.

Powell & Reid, of Andalusia, for appellant.

Defendant should have been permitted to show diminished rental value resulting from plaintiffs' breach of covenant to furnish materials. 36 C. J. 166, 383. And for such breach defendant was entitled to recover such damages as were the direct result thereof, including diminution of rental value. Culver v. Hill, 68 Ala. 66, 44 Am. Rep. 134; Prestwood v. Carlton, 162 Ala. 327, 50 So. 254; Vandegrift v. Abbott, 75 Ala. 487. Defend-

ant should have been allowed to show that, when the contract was made, the parties talked over the fact that defendant wanted to lease the premises for a stock farm; this to show notice in order to recover special damages. Bixby-Theirson Co. v. Evans, 167 Ala. 431, 52 So. 843, 29 L. R. A. (N. S.) 194, 140 Am. St. Rep. 47; Daughtery v. American Union Tel. Co., 75 Ala. 168, 51 Am. Rep. 435; Western Union Tel. Co. v. Reed, 3 Ala. App. 253, 57 So. 83. Attachment, if it would lie at· all, was postponed until the debt became due. Defendant's pleas should have been sustained. Code 1923, § 6214.

Powell & Albritton, of Andalusia, for appellees.

Appellant's first assignment of error is insufficient. Hall v. Pearce, 209 Ala. 399, 96 So. 608; Woodruff v. Smith, 127 Ala. 77, 28 So. 736. At any rate, the pleas are not pleas in abatement within the purview of the statute. Code 1923, § 6212; De Jarnette v. Dreyfus, 166 Ala. 142, 51 So. 932. In order to recover special damages, the party claiming must show the peculiar facts causing damage, notice of the same to the party guilty of the breach, and that all reasonable means were adopted to prevent loss. Bixby-Theirson Co. v. Evans, 167 Ala. 436, 52 So. 843, 29 L. R. A. (N. S.) 194, 140 Am. St. Rep. 47. Remote and speculative damages are not recoverable. Blankenship v. Lanier, 212 Ala. 62, 101 So. 763. As to measure of damages, see 36 C. J. 166, 322, 325; Culver v. Hill, 68 Ala. 66, 44 Am. Rep. 134; Vandegrift v. Abbott, 75 Ala. 487.

THOMAS, J. The ruling on question of fact that is insisted upon as error is whether the appellant was entitled to show the diminished rental value of the premises by reason of the alleged breach of the landlord's covenant to repair.

In this connection it is insisted that the rulings of the trial court were to restrict the damages to moneys expended in and about the repairs the tenant made on the fences, and that resulting from depredation of stock, and from the escape of the appellant's stock by reason of the failure of fencing.

The subject of covenants as to the sale of lands was fully discussed in Lowery v. May, 213 Ala. 66, 104 So. 5.

[1, 2] It has been declared that the lessee might show an oral agreement by the lessor to repair only when a part of the contract was in writing; for examble, "a unilateral contract, where it was merely a promise by the lessee to pay rent." This, however, does not permit the oral contradiction of the contract which is reduced to writing and is in itself complete. Vandegrift v. Abbott, 75 Ala. 487; Murphy v. Farley, 124 Ala. 279, 27 So. 442; Formby v. Williams, 203 Ala. 14, 81 So. 682; 25 A. L. R. 809, 849. It follows from

these and other authorities. that, where the writing is not unilateral and not partially in writing, and as it is reduced to writing is free from ambiguity (that is within the rule), and the written lease deals with the subject, and the question is not as to a trade fixture, parol evidence may not be permitted to vary. or explain the written contract. 25 A. L. R. 808, 849; Pierce v. Tidwell, 81 Ala. 299, 2 So. 15; Formby v. Williams, 203 Ala. 14, 81 So. 682; Middleton v. Ala. Power Co., 196 Ala. 1, 71 So. 461; Nave v. Berry, 22 Ala. 382.

[3] It is further declared that the covenant by the lessor to repair being ordinarily independent of the covenant of the lessee to pay rent, the breach of the former covenant cannot be relied upon as a bar to an action for rent. Tyson v. Weil, 169 Ala. 558, 53 So. 912, Ann. Cas. 1912B, 350. In Hill v. Bishop, 2 Ala. 320, it was declared by this court as early as 1841 that:

"When the defendant covenants to pay a stipulated rent for certain premises, and is let into possession, and continues to enjoy it until the end of his term, it is no defense to an action of covenant, that the plaintiff has omitted to make certain improvements and repairs to the leased premises. In such a contract the stipulations are independent."

This rule has had our steadfast adherence. Wise v. Sparks, 198 Ala. 96, 73 So. 394; 28 A. L. R. 1453, 1484.

It is further established that the breach of a landlord's independent covenant to repair, though not a bar to action for rents, may be asserted by the tenant by plea of set-off or recoupment, in extinguishment or reduction of the claim for rents. Wise v. Sparks, 198 Ala. 96, 73 So. 394; Tyson v. Weil, 169 Ala. 558, 53 So. 912, Ann. Cas. 1912B, 350; Prestwood v. Carlton, 162 Ala. 327, 50 So. 254; Cato v. Williamson, 209 Ala. 477, 96 So. 321; Hart v. Coleman, 201 Ala. 345, 78 So. 201, L. R. A. 1918E, 213; Donnelly v. House, 160 Ala. 325, 49 So. 324; Vandegrift v. Abbott, 75 Ala. 487; Culver v. Hill, 68 Ala. 66, 68; Hill v. Bishop, 2 Ala. 320.

The cases of Culver v. Hill, 68 Ala. 66, 69, 70, 44 Am. Rep. 134, and Vandegrift v. Abbott, 75 Ala. 487, cited by counsel, are in point and support the contention of the appellees. In the former, the landlord was to fix the fences inclosing the land so as to secure the crop to be made; this was insufficiently done, and much of the crop, when grown, was destroyed by the depredations of stock. Judge Stone declared the rule as to the measure of damages to be such as might fairly be within the contemplation of the parties when they made the contract and the natural consequence of the breach of the contract covenant. The court said:

"We may add, we have encountered no question requiring judicial determination, which is more difficult to be defined than a general rule, or set of rules, declaring the proper measure of damages, in the varying phases of the in-

quiry. That the injury must be the natural and proximate result of the tort, or breach of contract, is a cardinal rule.

"* * * * Hill, the tenant, bound himself to cultivate and harvest a crop. This, under ordinary circumstances, would require his labor and attention pretty much the entire year. Culver, the landlord, it is shown, 'was to fix up the fencing inclosing the said land, so as to secure the crop.' This was a contract of mutual stipulations; and, from its terms, we are authorized to infer the fence was insufficient, and that, in the absence of Culver's promise to repair, Hill would not have taken the lease. Fence, ex vi termini, imports a defense or protection of the crop, or other thing within the inclosure. Protection was its object, and it was that the parties had in contemplation. Destruction or loss of the crop, if the fence remained insufficient, would naturally be expected to follow. We think the damage in this case was the natural and proximate result of Culver's breach of contract, that Hill had a right to repose on his promise to repair, and that the circuit court laid down the true rule for the measurement of damages in such a case as this." Culver v. Hill, 68 Ala. 66, 70, 71.

That is to say, the damages claimed in the Culver Case were the loss of crops resulting from cattle breaking through the fence by reason of the landlord's failure to repair as he had agreed. The court held that this damage was the natural and proximate result of the landlord's breach of the contract; the landlord being in possession and undertaking to make repairs.

As we have indicated in Vandegrift v. Abbott, 75 Ala. 487, the court held that, in action for rent, if there were consequent damages for the failure of the landlord to repair according to the covenant, he may recoup or set-off the damages (Deslandes v. Scales, 187 Ala. 25, 65 So. 393) by way of reducing or extinguishing the rent.

[4] In the case at bar, the covenant made by the landlord was to build a fence around the rented premises by the 1st of October, 1921, sufficient to hold hogs and cattle—not stock of other classes as was covered by appellant's question to which objections were sustained.

There was evidence showing that the landlord breached this covenant, and that the appellant used the premises for several years and made the repairs. As a proximate result of the breach, appellant lost certain hogs and cattle, and cattle broke into the fields destroying portions of the growing crop. The court allowed testimony as to this and of the amount of damages sustained by reason of the said losses. These rulings of the court are in harmony with the rules laid down in the case of Culver v. Hill. There were other proper elements of damage claimed by the appellant, viz. material furnished for repairing houses and for wiring or repairing the fences. Testimony as to said elements of damages was allowed, as a direct and proximate re-

sult of alleged breaches of the lease on the part of the landlord. The law as laid down in the case of Culver v. Hill, cited supra, was followed by the trial court in the instant case.

If the damages under the circumstances and of the nature, shown by the testimony to have been sustained by appellant, are inconsistent with the damages that might be claimed as a result of the difference between the value of the rented premises with the repairs and their value without the repairs agreed to be made—as where there was a failure of occupancy, etc.—it is interesting to note the observation contained in Wise v. Sparks, 198 Ala. 96, 98, 73 So. 394:

"Of course if these covenants were not dependent, or if defendants had entered and occupied the premises without the improvements agreed on, then they would have been liable for the rent, to be reduced, however, by the cross-damages that might be allowed for plaintiff's failure to improve."

Evidence of such damages was admitted by the trial court, as we have indicated, and there is no error to reverse on the introduction of the evidence. We have indicated that the foregoing rule is not in exact accord in the premises with the measure of damages —the difference in rental value—as declared in other jurisdictions. 28 A. L. R. 1495 et seq.

[5, 6] The sustaining of demurrers to pleas in abatement was without error. When pleas Nos. 1, 2, and 3 are tested by the statute (section 6212 of the Code, that an attachment may be abated for grounds and within the time indicated), the pleas do not embrace the prescribed grounds upon which an attachment may be abated by said statute. Melvin v. Scowley, 213 Ala. 414, 104 So. 817; Canty v. Sims (Ala. App.) 109 So. 373.[1] Pleas 1 and 2 do not deny the existence of the statutory grounds for attachment for rent. Plea 3 denies the indebtedness is justly due as alleged, puts in issue the alleged ground of attachment, and avers that the same be abated or dissolved. This is in nature a plea in bar and could be set up to defeat recovery. De Jarnette v. Dreyfus, 166 Ala. 142, 51 So. 932. However, neither of these pleas denies the grounds upon which the attachment was sued out. Considered as in abatement or in bar, these pleas were insufficient. Moreover, the assignment of errors was general. If demurrers to either were sufficient, the lower court will be sustained. Hall v. Pearce, 209 Ala. 397, 96 So. 608.

The judgment of the circuit court is affirmed.

Affirmed.

ANDERSON, C. J., and SOMERVILLE and BOULDIN, JJ., concur.

